IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NANCY CUMMINGS,                        *
                                       *
          Plaintiff,                   *
                                       *
vs.                                    *   No. 4:10CV00034 SWW
                                       *
ARKANSAS DEPARTMENT OF                 *
CORRECTION, ET AL.,                    *
                                       *
          Defendants.                  *

**Memorandum Opinion and Order**

Before the Court is defendants' motion for summary judgment to which plaintiff failed to respond.[1]  For the reasons stated below, the motion is granted in part.

**Background**

Plaintiff Nancy Cummings ("Cummings"), an employee of the Arkansas Department of Correction ("ADC"), filed a complaint against the ADC, Kay Howell, Tony Park, and Randy Watson, individually, alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*  She also alleges a claim against the individual defendants pursuant to 42 U.S.C. § 1983 claiming they denied her equal protection of law and the right of association under the Fourteenth Amendment to the United States Constitution and the Arkansas Constitution.

---

[1] Defendants filed their motion for summary on March 24, 2010.  Plaintiff failed to timely respond and the Court entered an order on July 9, 2010, directing plaintiff to file a response within fourteen days, and warning plaintiff that failure to do so may result in dismissal of her complaint.  Plaintiff failed to file a response.

Cummings says that in March 2009, she complained that her daughter, Angel, who also is employed by the ADC, was being sexually harassed by her supervisor. Cummings, who is white, further alleges that in April 2009, she complained to defendant Howell, warden of the Wrightsville Unit, that defendant Park, also identified as warden of the Wrightsville Unit, made racially derogatory remarks in her presence. Cummings complains Howell took no actions to stop Park from his offensive behavior but moved Cummings to the boot camp unit. Cummings says defendants Howell and Watson, assistant warden at Wrightsville, told her she must work at the boot camp, and claims that this reassignment will preclude her from applying for promotions at the Wrightsville Unit.

Cummings filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 10, 2009, alleging that

> [i]n March 2008 I participated in a complaint of sexual harassment as a witness and advocate for another employee. As a result and in retaliation, I was transferred from my job position in July 08, my employment was threatened in Apr 09, I was subjected to racial remarks about my boyfriend in Dec 08, and confidential medical information was disclosed by my supervisor to other agency employees.
>
> I was told I was transferred because they didn't want me working with the individual who was found to have sexually harassed the other employee, who is also my daughter.
>
> I was transferred, harassed, subjected to derogatory racial remarks, and my employment was threatened in retaliation for my opposition of sexual harassment, and in violation of Title VII of the Civil Rights Act of 1964 as amended; and, my confidential medical information was disclosed to others in violations [sic] of the American's [sic] with Disabilities Act of 1990, as amended.

Compl., Ex. A. The EEOC issued a right-to-sue letter on September 30, 2009. Cummings filed this cause of action on January 20, 2010.

Defendants move for summary judgment, arguing plaintiff did not file her complaint

within 90 days of receiving her right-to-sue letter or timely file her EEOC charge.  As to her state law claims, defendants argue Cummings' ACRA claims are untimely filed, that the ADC is entitled to sovereign immunity, and the individual defendants are not "employers" under the law.

## Discussion

Title VII prohibits disparate treatment based on race and sex, including harassment that creates a hostile work environment, but a Title VII charge must be filed with the EEOC within 180 days after the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1).  If a charge filed with the EEOC is dismissed, a claimant may file a cause of action within ninety days after receiving a notice of right to sue.

Cumings' right-to-sue letter was dated September 30, 2009.  The letter was mailed on that date.  There is an assumption that Cummings received the letter no later than three days after it was mailed, October 3, 2009.  Cummings filed her complaint on January 20, 2010, more than ninety days after October 3.  The Court finds Cummings' claims for hostile work environment and retaliation are barred by the ninety-day limitation period.

The Court further finds that Cummings failed to timely file her EEOC charge as to her retaliation claim.  42 U.S.C. § 2000e-5(e)(1) provides that an aggrieved person must file a charge within 180 days of the alleged unlawful employment action.  It appears that Cummings signed her EEOC charge on April 1, 2009, and it was received on April 18, 2009.  In her charge, Cummings says she was transferred from her job in July 2008, after she participated as a witness and advocate for another employee (her daughter) in a sexual harassment case.  This alleged act of discrimination occurred more than 180 days before she filed her EEOC charge.

Under Arkansas law, a plaintiff may bring an employment discrimination action within

one year of the discriminatory act or within ninety days of receipt of the right-to-sue letter from the EEOC, whichever is later.  Here, one year from the alleged retaliatory transfer would have been July 31, 2009, at the latest.  One year from the date of her complaints of hostile work environment due to her association/relationship with an African American would be December 2009, at the latest.  Even if the statutory one-year rule is applied, *see* Ark. Code Ann. § 16-123-107(c), Cummings' employment discrimination claims are untimely.

Finally, Cummings alleges the individual defendants violated her rights of association, due process, and equal protection under the United States and Arkansas constitutions.  Defendants fail to address these § 1983 claims in their motion for summary judgment.[2]

**Conclusion**

The Court grants defendants' motion for summary judgment [docket entry 4] as to plaintiff's employment discrimination claims under Title VII and the ACRA.  Plaintiff's § 1983 claims remain.

DATED this 24th day of August, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's claims of employment discrimination under Title VII and the ACRA against the individual defendants are dismissed.  They are not "employers" under the statutes.  *See Roark v. City of Hazen,* 189 F.3d 758, 761 (8th Cir. 1999)(supervisors and other employees cannot be held liable under Title VII in their individual capacities); *Davis v. KARK-TV, Inc.,* 421 F.3d 699 (8th Cir. 2005)(courts analyze Title VII and ACRA claims in the same manner).